UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



SAINT JOHN'S AFRICAN
METHODIST EPISCOPAL CHURCH,

    Plaintiff,

v.                                          Civil Action No. 2:11cv664

GUIDEONE SPECIALTY MUTUAL
INSURANCE COMPANY,

    Defendant.

## OPINION AND ORDER

This matter is currently before the Court on Defendant GuideOne Specialty Mutual Insurance Company's ("GuideOne") motion for partial summary judgment as to Count II of the Complaint and motion in limine to exclude alleged evidence of bad faith or to bifurcate trial. Docket Nos. 21, 33. For the reasons outlined below, GuideOne's motion in limine to exclude evidence of bad faith or to bifurcate trial is **GRANTED** with respect to bifurcation. GuideOne's motion for partial summary judgment as to Count II of the Complaint is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Saint John's African Methodist Episcopal Church ("Saint John's") filed suit against its insurer, GuideOne, on October 31, 2011 in the Circuit Court for the City of Norfolk, Case No. CL11007838-00, alleging breach of contract and a right to recover attorneys' fees and costs under Virginia Code Section

38.2-209. See Docket No. 1. The action arose out of a coverage dispute between the parties regarding losses and damages that Saint John's allegedly sustained during a November 12, 2009 storm. GuideOne removed the case to this Court pursuant to Title 28, United States Code, Section 1441 on December 16, 2011, on the grounds of diversity under Title 28, United States Code, Section 1332. Docket No. 1.

GuideOne filed a motion for partial summary judgment as to Saint John's request for attorneys' fees and costs on August 3, 2012. Docket No. 21. GuideOne then moved in limine on August 29, 2012 to exclude alleged evidence of bad faith or to bifurcate trial. Docket No. 33. As both motions require the Court to consider Saint John's request for attorneys' fees and costs under § 38.2-209, the Court considers them together in this Order, reaching first the issue of bifurcation and, second, the request for partial summary judgment.

## II. GUIDEONE'S MOTION TO EXCLUDE OR BIFURCATE

GuideOne has moved in limine to exclude alleged evidence of bad faith or to bifurcate trial on the issue of bad faith. Docket No. 33. The Court considers the request to bifurcate before addressing the exclusion of evidence.

### A. LEGAL STANDARD FOR BIFURCATION

Federal Rule of Civil Procedure 42(b) governs a party's motion to bifurcate. Epps v. Arise Scaffolding & Equip., Inc.,

No. 2:10cv189, 2011 WL 1566004, at *12 (E.D. Va. Feb. 17, 2011). The rule provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues…." Fed. R. Civ. P. 42(b). The decision whether to bifurcate pursuant to Rule 42(b) "is within the sound discretion of the trial judge." Bowie v. Sorrell, 209 F.2d 49, 51 (4th Cir. 1954). For the reasons outlined below, the Court finds that bifurcation of the bad faith issue and corresponding request for attorneys' fees and costs is appropriate in this case.

### B. BIFURCATION ANALYSIS

When a case is removed to federal court under diversity jurisdiction, state law governs the substantive claims. Jones v. Target Corp., 341 F. Supp. 2d 583, 586 (E.D. Va. 2004) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Virginia law therefore governs the coverage dispute in this case. See Kestler v. Bd. of Trustees, 533 F.2d 80, 86 (4th Cir. 1995) ("[T]he issue of whether a contract right exists is governed by state law."). Saint John's Complaint alleges that GuideOne breached the express terms of its insurance policy when it denied Saint John's claim for losses and damages following the November 2009 storm. See Docket No. 1. The Complaint also asserts a right to recover attorneys' fees and costs under Virginia Code § 38.2-209. Section 38.2-209 provides:

> Notwithstanding any provision of law to the contrary, in any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under his present policy or fidelity bond or the extent to which his insurer is liable for compensating a covered loss, the individual insured shall be entitled to recover from the insurer costs and such reasonable attorney fees as the court may award. However, these costs and attorney's fees shall not be awarded unless the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy.

Va. Code. Ann. § 38.2-209(A) (2006). This statute does not create an independent cause of action for an insurer's bad faith in coverage disputes. Va. Code Ann. § 38.2-209(B); Massachusetts Bay Ins. Co. v. Decker, No. 7:11-cv-00342, 2012 WL 43614, at *1 (W.D. Va. Jan. 9, 2012). Rather, it is a function of damages that allows the court to award the insured's fees and costs if it finds that "the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy." Va. Code Ann. § 38.2-209(A). Thus, judgment against the insurer on a substantive claim is a prerequisite to recovery of attorneys' fees and costs under § 38.2-209.[1] E.g., Builders Mut. Ins. Co. v. Dragas Mgmt. Corp.,

---

[1] This Court is aware that there are different views among Virginia courts and federal district courts in the Eastern and Western Districts of Virginia as to whether an insured may even assert a claim for attorneys' fees and costs before a judgment is obtained against the insurer. Compare Cradle v. Monumental Life Ins. Co., 354 F. Supp. 2d 632, 635-36 (E.D. Va. 2005) (holding, pursuant to state court authority, that a § 38.2-209 claim for attorneys' fees and costs "may only be brought once a judgment is entered against the Defendant") and U.S. Airways, Inc. v. Commonwealth Ins. Co., 64 Va. Cir. 408 (Arlington 2004) (dismissing a bad faith claim as premature in light

709 F. Supp. 2d 441, 450 (E.D. Va. 2010) (noting that "the existence of coverage is a prerequisite to a bad faith claim under Virginia law"); Tiger Fibers, LLC v. Aspen Specialty Ins.

---

of its holding that "judgment against the insurer acts as a condition precedent to any claim of bad faith in Virginia") with Styles v. Liberty Mut. Fire Ins. Co., No. 7:06CV00311, 2006 WL 1890104, at *1-2 (W.D. Va. July 7, 2006) (holding that a demand for attorneys' fees and costs pursuant to § 38.2-209 "must be made in the complaint, although it is not considered until the denouement of the case" because defendant requires proper notice and such a demand is not a separate cause of action); Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co., No. 3:07CV253, 2007 WL 2437661, at *3-5 (E.D. Va. 2007) (finding the defendant's argument that a § 38.2-209 request is barred as premature before judgment is entered "unpersuasive" based on the contradiction of the U.S. Airways holding with the plain language of § 38.2-209, the absence of Virginia Supreme Court precedent on the question, the Styles court's criticism of U.S. Airways, and the failure of later district courts to apply such a rule); and Wilson, 79 Va. Cir. 591 (finding a bad faith demand premature before the entry of judgment against an insured but bifurcating, rather than dismissing the issue). GuideOne has not challenged Saint John's claim as either premature or improperly styled, but rather seeks only summary judgment on or bifurcation of the issue at trial. See Docket Nos. 21, 33. Therefore, the Court need not reach such questions when deciding whether bifurcation is appropriate. See Tiger Fibers, LLC v. Aspen Specialty Ins. Cos., 594 F. Supp. 2d 630, 655 n.33 (E.D. Va. 2009). Although Saint John's argues that summary judgment is inappropriate until after judgment has been entered on the breach of contract claim, this argument is contrary to decisions from this district. E.g., Id. at 655 (exercising the court's discretion to grant summary judgment on the plaintiff's request for attorneys' fees and costs for bad faith); HHC Assocs. v. Assurance Co. of Am., 256 F. Supp. 2d 505 (E.D. Va. 2003) (granting summary judgment on the plaintiff's bad faith claim). Because GuideOne has not raised the prematurity issue, the Court declines to address it. The Court also declines to address whether Saint John's properly styled its request for attorneys' fees and costs as a separate count. However, the Court notes that, regardless of how the request for fees and costs is styled, "Virginia law undoubtedly gives [Saint John's] the right to recover [attorneys'] fees and costs should the court determine that [GuideOne], acting in bad faith, denied coverage or failed to make a payment under the policy." Decker, 2012 WL 43614, at *2; but see Adolf Jewelers, Inc. v. Jewelers Mut. Ins. Co., No. 3:08-CV-233, 2008 WL 2857191, at *5 (E.D. Va. July 21, 2008) (noting that the requisite notice of intent to seek attorneys' fees and costs and allegation of bad faith should be pled in the prayer for relief and that "neither a separate suit nor a separate count is necessary to satisfy th[e] requirements for relief under section 38.2-209").

5

Cos., 594 F. Supp. 2d 630, 655 (E.D. Va. 2009); Wilson v. State Farm Fire & Cas. Co., 79 Va. Cir. 591 (Va. Cir. Ct. 2009) (citing several Virginia Circuit Court opinions in support of its conclusion that a claim for bad faith may only be brought once judgment has been entered against an insured). Once such a judgment is entered, the determination of whether a plaintiff has the right to recover attorneys' fees and costs under § 38.2-209 is a matter for the court, not the jury.[2] Winston v. State Farm Fire & Cas. Co., 97 F.3d 1450 (4th Cir. 1996) (unpublished table decision) (affirming the district court's finding that an insured had not acted in bad faith, as well as its conclusion that the statutory reference to "court" in § 38.2-209 did not mean "jury"); Wilson, 79 Va. Cir. at 591 (holding that bad faith is a question for the court in light of § 38.2-209's plain language); see also Va. Code. § 38.2-209(A); Haghnazarian v. State Farm Mut. Ins. Co., 21 Va. Cir. 140 (Va. Cir. Ct. 1990) (deciding the question of bad faith after noting that it had been excluded from the jury's consideration and therefore fell to the court after the jury found for the insured).

---

[2] In determining whether an insurer has failed to act in good faith, the court applies a reasonableness standard to the insurer's conduct. Cuna Mut. Ins. Soc'y v. Norman, 375 S.E.2d 724, 727 (Va. 1989) (listing several questions the court should consider when conducting a bad-faith analysis under §38.2-209); see also Winston v. State Farm Fire & Cas. Co., 97 F.3d 1450 (4th Cir. 1996) (unpublished table decision) (citing Cuna's reasonableness standard as the proper test when "determining whether a denial of insurance coverage has been made in good faith").

6

Because the question of bad faith under § 38.2-209 is reserved to the court and is properly considered only after judgment has been entered against an insured on a substantive cause of action, this Court finds that bifurcation of Saint John's § 38.2-209 request for fees and costs from its breach of contract claim is appropriate. Any reference to GuideOne's alleged bad faith in denying Saint John's insurance claim or failing to pay Saint John's under the insurance policy, as well as any evidence offered solely to establish such bad faith, would serve only to prejudice the jury. Fed. R. Civ. P. 42(b). Therefore, GuideOne's request to bifurcate the question of bad faith is **GRANTED**. The Court will consider Saint John's right to recover attorneys' fees and costs under § 38.2-209 and any additional evidence of bad faith following any jury verdict in Saint John's favor on Count I of the Complaint.

C.  **GUIDEONE'S REQUEST TO EXCLUDE EVIDENCE OF ALLEGED BAD FAITH**

In its memorandum in support of the motion in limine to exclude alleged evidence of bad faith or to bifurcate trial, GuideOne sets forth three facts it considers relevant to the coverage dispute and seemingly suggests that the determination of that dispute should be limited to evidence supporting those facts. Docket No. 34. This Court declines to summarily exclude evidence absent a specific request identifying the evidence sought to be excluded and explaining why such evidence is beyond

the scope of the coverage dispute.[3] The Court will not address the specific examples GuideOne has set forth in its memorandum, because Saint John's has failed to indicate that it has any intention of offering such evidence on the issue of breach of contract. As a result of such failure, the Court presumes that Saint John's has no intention of offering such evidence. Therefore, the Court need not address such issues with respect to the breach of contract claim that will be presented to the jury.

The Court now considers GuideOne's motion for partial summary judgment. Docket No. 21.

### III. GUIDEONE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

#### A. LEGAL STANDARD

District courts are accorded discretion in determining whether to grant or deny motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Andrew v. Clark, 561 F.3d 261, 271 (4th Cir. 2009). The court may exercise its discretion to deny a motion for summary judgment "even when the standard appears to have been met." Id.

---

[3] The Court acknowledges that GuideOne has filed a motion in limine to exclude evidence of replacement cost and that Saint John's has filed several motions in limine seeking to limit or exclude evidence. See Docket Nos. 30, 45-54. The Court will address these motions before or during trial. The Court's instant declination applies only to any generalized requests to limit the scope of admissible evidence that may be contemplated by GuideOne's motion to bifurcate but omitted from those motions in limine currently before the court.

8

(citations omitted); see also Fed. R. Civ. P. 56 advisory committee notes. Denial of summary judgment is an appropriate exercise of the court's discretion if the court believes that "the better course would be to proceed to full trial." Anderson, 477 U.S. at 255.

## B. ANALYSIS

Defendant GuideOne has moved for partial summary judgment on the issue of bad faith and Plaintiff Saint John's corresponding request for attorneys' fees and costs. Docket No. 21. As observed, the Court has discretion to grant or deny GuideOne's motion. Andrew, 651 F.3d at 271. In light of its decision to bifurcate trial, the Court chooses to exercise this discretion without reaching the question of whether the requirements for summary judgment have been met. Bad faith is a question for the court. Va. Code Ann. § 38.2-209(A); Winston, 97 F.3d at 1450; Wilson, 79 Va. Cir. at 591; Haghnazarian, 21 Va. Cir. at 140. Additionally, the matter is properly considered only after judgment has been entered against the insurer. E.g., Tiger Fibers, 594 F. Supp. 2d at 655. A verdict in favor of GuideOne on Count I may obviate the need for judgment on Saint John's request for fees and costs under § 38.2-209. Therefore, the Court finds that the best course in this case is to proceed to trial. Anderson, 477 U.S. at 255. The Court will not address whether any of the alleged failures

9

on the part of GuideOne constitute bad faith until after a determination has been made on the issue of breach. GuideOne's motion for partial summary judgment is therefore **DENIED**.

As set forth above, GuideOne's motion in limine to exclude evidence of alleged bad faith or to bifurcate is **GRANTED** as to bifurcation. In light of this ruling, GuideOne's motion for summary judgment is **DENIED**. The Clerk is **REQUESTED** to send a copy of this Order and Opinion to counsel of record for the parties.

It is so **ORDERED**.

/s/ _____
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 3, 2012